**SENZ,**

v.

**ONSTOTT.**

Wadsworth Municipal Court, Ohio.

No. 93–CVF–134.

Decided Jan. 7, 1994.

*Theodore Lesiak,* for plaintiff.

*Linda Hoffmann,* for defendant.

---

JAMES L. KIMBLER, Judge.

The plaintiff filed her complaint alleging that the defendant violated R.C. 5321.16(B) by not providing an itemized list of deductions taken from her security deposit. She sought the damages allowed under R.C. 5321.16(C). The defendant counterclaimed, alleging that the plaintiff had damaged her property during the four-month tenancy in the amount of $7,591.86. In her answer, she denied violating R.C. 5321.16(B).

R.C. 5321.16(B) provides that a landlord must send to a former tenant an itemized list of damages that the landlord has suffered by reason of the tenant's noncompliance with R.C. 5321.05 and/or the rental agreement. This list must be sent within thirty days of the tenant's termination of occupancy. In this case, the plaintiff admitted that the defendant sent her an itemized list, but argued that the list was not accurate. She argued that since the list was not accurate, it was as if the defendant had never sent her a list at all.

An examination of the list shows that the defendant claimed damage to the flooring, carpet, plumbing, and appliances in the leased premises. The list also referred to damages to the walls and cupboards of the leased premises. In the list, the defendant used estimates that she obtained from local advertisements as the cost of the repair to the leased premises.

An examination of R.C. 5321.05 shows that a tenant has the obligation to keep the leased premises "safe and sanitary," dispose of all rubbish, garbage and other waste in a "clean, safe, and sanitary manner," must use and operate all electrical and plumbing fixtures "properly," and keep all plumbing fixtures in the leased premises "as clean as their condition permits." In addition, the tenant must keep all appliances supplied by the landlord in "good working order and condition" and must refrain from intentionally or negligently damaging the premises.

■ The itemized list supplied by the defendant to the plaintiff is replete with references to the plaintiff's noncompliance with R.C. 5321.05. In addition, the court finds that the defendant would be entitled to use estimates from local advertisements in compiling the list, provided that such advertisements were used in good faith. In this case the court finds that the use of the advertisements was in good faith.

The above conclusion is based upon the court's understanding of the purpose behind R.C. 5321.16. That purpose is to make landlords give reasons to tenants why their security deposit is being withheld so that tenants may decide whether to pursue an action for recovery of that security deposit. The purpose is accomplished if landlords are allowed to rely on advertisements and other such sources in preparing their list. The purpose does not depend on landlords actually going out and getting estimates before they prepare their itemized list of damages.

Therefore, the court finds that the defendant did comply with R.C. 5321.16(B) and as a result, the plaintiff is not entitled to recover the damages allowed under R.C. 5321.16(C).

■ The next issue presented by the plaintiff's complaint is whether the defendant improperly withheld part or all of the security deposit. The court finds that the defendant has shown out-of-pocket expenditures in the amount of $154 as a result of the plaintiff's breach of her obligations imposed by R.C. 5321.05 and/or the rental agreement. In addition, the court finds that the value of the defendant's labor and her husband's labor in repairing the premises is at least equal to the difference between the security deposit of $450 and the $154 that the defendant paid in out-of-pocket expenses.

■ In reaching this conclusion, the court is holding that in defending an action by a tenant against a landlord for the return of a security deposit a

landlord is entitled to rely upon the reasonable cost of repairs to the premises caused by the tenant's noncompliance with R.C. 5321.05 and/or the rental agreement.

██ The reasonable cost of repair, however, is not the proper measure of damages in determining the defendant's counterclaim. In 1989, the Summit County Court of Appeals in *Hague v. Saltsman* (May 10, 1989), Summit App. No. C.A. 13883, unreported, 1989 WL 50691, held that where a landlord seeks the reasonable cost of restoration of leased premises, the landlord must also show any diminution in value to the leased premises caused by the tenant's occupancy, so that a trial court can determine whether the reasonable cost of restoration exceeds the diminution in value. If the reasonable cost of restoration exceeds the diminution in value, then the diminution in value becomes the proper measure of damages. Without a showing of diminution in value, however, a trial court cannot make the above determination. In *Hague,* the court of appeals sustained the verdict of the trial court because the landlord never presented evidence of diminution of value.

Pursuant to Sup.Ct.R.Rep.Op. 2(G) issued by the Ohio Supreme Court, the decision in *Hague* is persuasive authority on all courts in the judicial district in which the opinion was rendered. In this case, that would include this court. Therefore, the court finds that on her counterclaim, the defendant has not presented sufficient evidence to meet her burden of proof.

Judgment is therefore entered for the defendant on the plaintiff's complaint and for the plaintiff of the defendant's counterclaim. Costs are taxed equally to both parties.

*So ordered.*